UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERTRAM HIRSCH and IGOR ROMANOV, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No. 12 Civ. 1124 (DAB)<br><br>ECF Case |

## DECLARATION OF BERTRAM HIRSCH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION

I, Bertram Hirsch, declare as follows:

1. I have personal knowledge of the following facts and if called to testify about them, I could and would do so competently.

2. On October 6, 2010, I received an offer from Citibank in the mail stating that it was offering its Citi/AAdvantage customers with Citibank's "most rewarding AAdvantage bonus miles offer yet for new accounts." Citibank offered 20,000 American Airline bonus miles to new customers that opened up a checking account and either 1) used the account for direct deposits; 2) made two or more electronic bill payments from the account; or 3) made five or more payments with the debit card associated with the account. Citibank also offered 20,000 additional miles to new customers that opened up a savings account with a minimum deposit of $25,000.

3. I was interested in the promotion but concerned as to whether the airline miles would be taxable because the fine print in the offer letter stated, "Customer is responsible for taxes, if any."

4. I had to be careful that my earned income and income from miscellaneous sources did not exceed a certain threshold because I could lose a portion of my social security retirement benefits if the threshold was exceeded.

5. I went to my local branch, in Great Neck, New York, and asked the Citibank representative if the airline miles in the promotion were taxable, to which the Citibank representative responded that they were not.

6. I then accepted the offer of 40,000 American Airline miles and signed up for a checking and savings account. After fulfilling the terms of the offer, I received 40,000 American Airline miles in early 2011.

7. In January 2012, I received a 1099 form from Citibank stating that I must report $1,000 as miscellaneous income. I did not understand what the 1099 was for and went back to my local branch. At the branch, Citibank representatives also did not know what the 1099 was for, again confirmed to me that the 40,000 American Airline miles that I received were not taxable, and stated that I should initiate an internal investigation with Citibank in an attempt to resolve the issue, which I did.

8. Finally, I received a letter from Citibank stating that the American Airline miles were taxable under federal law and that the bank was correct in reporting the income to the IRS. No Internal Revenue Code provision or associated regulation was referenced.

9. Citibank valued the 40,000 miles that I received at 2.5 cents per mile, or $1,000. I have not redeemed any of the 40,000 American Airline miles I received from Citibank.

10. If Citibank had disclosed that I would have had to report $1,000 in additional miscellaneous income for tax purposes as a result of receiving the 40,000 American Airline miles, I would have never opened up a bank account with Citibank.

11. When I opened up my Citibank checking and savings accounts, I was not informed by Citibank that any disputes related to the checking or savings account were subject to an arbitration agreement, nor did Citibank provide me with a copy of any arbitration agreement.

12. In addition, when I opened up the accounts, I could not negotiate any aspect of my relationship with Citibank, and I was not given an opportunity to negotiate the terms of my relationship with Citibank.

13. Similarly, there was no discussion about whether I was agreeing to a class action waiver or reduction in any of my rights under the law.

14. I never received the Citibank Client Manual that Citibank refers to in it motion to compel arbitration.

15. I kept all the papers the Citibank gave to me. I looked through all of them and I only received the following four documents upon opening my accounts:

   a. A document entitled "CITI Products Opened Applied for Today" (This document is your basic account opening document showing the amount deposited and the account numbers);

   b. Citibank's Privacy Notice;

   c. A pre-approval letter for a Checking Plus account (which I declined); and

   d. A pre-approval for a Home-Equity Line of Credit (which I also declined).

16. In opening my accounts, I was not aware of entering into a contract requiring arbitration. I did not knowingly agree to any arbitration terms.

17. I never would have knowingly agreed to arbitration anywhere outside of Great Neck, New York, which is my hometown area, and the location or the Citibank branch where I opened up the Citibank accounts in dispute.

18. Citibank did not provide me with a copy of the American Arbitration Association rules or JAMS rules, and did not inform me of the specific fees that I would be required to pay to arbitrate any claims.

19. I would have never knowingly agreed to a requirement that I pay any arbitration fees, when the arbitration agreement requires me to give up many of my legal rights.

20. I would have never knowingly agreed to the shortened statute of limitations contained in the Citibank Client Manual.

21. If I am required to pay for a tax expert and/or an airline mileage valuation expert to show that Citibank was wrong in issuing me a 1099 form, I will not pursue an individual action or initiate arbitration because it will not be worth it for me as the cost benefit does not make economical sense, especially if the court finds that the provision in the Client Manual shortening the statute of limitations is enforceable.

22. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Dated: APRIL 12, 2012          By: _____
                                   Bertram Hirsch