# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BERTRAM HIRSCH and IGOR ROMANOV, on
behalf of themselves and all others similarly situated,

                     Plaintiffs,

       vs.

CITIBANK, N.A.,

                     Defendant.

------------------------------------------------------------------X

Case No. 12 Civ. 1124 (DAB)

## RESPONSES AND OBJECTIONS OF DEFENDANT CITIBANK, N.A. TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Citibank, N.A. ("Citibank"), by its attorneys Stroock & Stroock & Lavan LLP, hereby responds and objects (the "Responses"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

### PRELIMINARY STATEMENT

Citibank responds to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. The Responses are based on information now known to Citibank and that Citibank believes to be relevant to the subject matter covered by the Interrogatories. In the future, Citibank may acquire additional information, or discover information currently in its possession, bearing on the Interrogatories and Citibank's Responses thereto. Citibank reserves the right: (1) to make subsequent revisions, supplements or amendments to these Responses based on any information, evidence, documents and/or facts and things which may be subsequently discovered, or the relevance of which may be subsequently discovered; and (2) to produce, introduce or rely on additional or subsequently acquired or discovered information, documents or evidence at trial or in any pretrial proceedings in this

action. Citibank incorporates this Preliminary Statement into each Response as if fully set forth therein.

## GENERAL OBJECTIONS

1. The following General Objections form a part of, and are hereby incorporated in, the Specific Responses to the Interrogatories set forth below. Nothing in these Responses should be construed as a waiver of any of these General Objections.

2. Citibank objects to the Interrogatories to the extent they seek information or documents that exceed the scope of permissible discovery authorized by the Court's Order dated November 25, 2013 (the "Order"), and as authorized by the rulings made by Magistrate Judge Cott at the December 20, 2013 hearing ("December 20, 2013 hearing").

3. Citibank objects to the Interrogatories to the extent they seek information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

4. Citibank objects to the Interrogatories to the extent they seek identification and/or production of information or documents that are not within Citibank's possession, custody or control.

5. Citibank objects to the Interrogatories to the extent they impose on Citibank obligations inconsistent with or greater than those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

6. Citibank objects to the Interrogatories to the extent they seek confidential and proprietary business information and/or documents that belong to Citibank. Citibank will not produce any such information and/or documents without the execution by the parties, and entry by the Court, of an appropriation Stipulation Regarding Confidentiality and Protective Order.

7. Citibank objects to the Interrogatories to the extent they call for documents in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to constitutional, statutory or case law.

8. Citibank objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, or in any way seek information beyond the scope of discovery permitted by the Federal Rules of Civil Procedure or Local Rules of the Court.

9. Citibank objects to the Interrogatories to the extent they call for the production of information or documents that are subject to the attorney-client privilege, constitute trial preparation or work product material, or are otherwise privileged or protected from discovery. Inadvertent identification or production of such information or documents shall not constitute a waiver of any privilege with respect to the subject matter thereof, and shall not waive the right of Citibank to object to the use of any such information or documents contained therein during any subsequent proceeding.

10. Citibank objects to the Interrogatories to the extent they call for the production of information or documents equally available to Plaintiffs or presently in the possession of Plaintiffs.

11. Citibank objects to the Interrogatories to the extent they are not limited to a time period relevant to the events at issue in this action.

12. Citibank objects to the definition of "Citibank" and the "Company." Citibank responds to the Interrogatories only for itself.

13. Citibank objects to the definition of "Client Manual" to the extent it implies that the Client Manual provided to Plaintiffs is not a valid, binding and enforceable agreement governing Plaintiffs' accounts with Citibank that are the subject of this action.

14.  Citibank objects to the definition of "American Airline Miles Offers" on the grounds that it is vague and ambiguous.

## SPECIFIC RESPONSES AND OBJECTIONS

Interrogatory No. 1

State the name of the managers of the Citibank branches at the time that Plaintiffs opened up the Citibank accounts that are described in the Complaint, and state the names of the representatives that met with Plaintiffs to open up their accounts, and specifically state whether said Citibank personnel know and/or recall that Clients' Manuals were physically delivered and accepted by the Plaintiffs in this action at the time of opening said accounts.

Response No. 1

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous, including as to the term "accepted"; (ii) it is compound and/or has subparts; (iii) it is overbroad and unduly burdensome; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks a legal conclusion.

Subject to, and without waiving the foregoing objections, Citibank responds to this Interrogatory as follows:

Plaintiff Hirsch's account was opened on October 25, 2010 at Citibank's branch in Great Neck, New York by Michael Ashley. The Manager of the Great Neck branch at the time Plaintiff Hirsch's account was opened was George Lotto.

Plaintiff Romanov's account was opened on October 25, 2010 at Citibank's branch in Marina Del Rey, California by Fazri Zubair. The Manager of the Marina Del Rey branch at the time Plaintiff Romanov's account was opened was Fabiola Diaz.

Interrogatory No. 2

State whether there is a document showing receipt by Plaintiffs of Citibank's Client Manual. If the answer to the above is in the affirmative, annex a copy or copies of said document(s) together with the response.

Response No. 2

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous, including as to the term "showing receipt"; and (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Citibank further objects to this Interrogatory on the grounds that discovery is ongoing.

Subject to, and without waiving the foregoing objections, Citibank responds to this Interrogatory as follows: At the time Plaintiffs opened their accounts and received the Client Manual, they each executed a signature card acknowledging that they would "be bound by any agreement governing any account opened in the title indicated on this card." See CITI-0000078 and CITI-0000080.

Interrogatory No. 3

State the name of each state in which Citibank has provided customers with airline miles in connection with an American Airline Miles Offers and issued a Form 1099 for the receipt of said airline miles, and state the number of consumers in each state that received said airline miles.

Response No. 3

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery. Citibank further objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it is compound and/or has subparts; and (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Interrogatory No. 4

State whether Citibank received advice from an attorney, CPA, accountant, or any other advisor, that airline miles issues in connection with any American Airline Miles Offers should or must be reported to the IRS as income received by the recipient of said airline miles. If the answer to the above is in the affirmative in whole or in part, set forth a copy or copies of any and all documents to the effect that issues miles constitute income as defined in the IRS rules and regulations.

Response No. 4

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery. Citibank further objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is compound and/or has subparts; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrines.

Interrogatory No. 5

State the value, methodology, and determination that Citibank uses to pay American Airlines for airline miles to be distributed to customers in connection with an American Airline Miles Offer.

Response No. 5

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery. Citibank further objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad and unduly burdensome; (ii) it is vague and ambiguous; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it seeks confidential and proprietary business information belonging to Citibank.

Interrogatory No. 6

State whether the IRS issued any ruling prior to or during the relevant class period to the effect that issued miles constitute income under Federal Law. If the answer is in the affirmative, set forth a copy or copies of said alleged ruling together with the response.

Response No. 6

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery. Citibank further objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; and (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Interrogatory No. 7

State how Citibank determined that the value of American Airline miles issued to Plaintiffs were 2.5 cents per mile, setting forth any and all methodology and determination of said value, and all documents in support of said determination.

Response No. 7

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery. Citibank further objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it is compound and/or has subparts; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks confidential and proprietary business information belonging to Citibank.

Interrogatory No. 8

State the names, addresses and job titles of alleged Citibank personnel (or third persons or parties) who or which composed or crafted and Client Manuals allegedly utilized in the Citibank offer as stated in the Complaint, identifying when said Client Manuals were composed, crafted, printed and allegedly distributed to Plaintiffs and putative class members.

Response No. 8

Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague, ambiguous and unintelligible, including as to the terms "composed," "crafted" and "Citibank offer"; (iii) it is compound and/or has subparts; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to, and without waiving the foregoing objections, Citibank responds to this Interrogatory as follows: The version of the Client Manual governing Plaintiffs' accounts with Citibank was: (i) created June 2010; (ii) effective July 1, 2010; and (iii) was provided to Plaintiffs at the time they opened their accounts in October 2010 pursuant to Citibank's regular practices and procedures in place at that time. The Declaration of Joan Haslam, dated March 14, 2012, submitted in support of Citibank's Motion to Compel Arbitration, inadvertently referenced an earlier version of the Client Manual effective January 1, 2010. The "Resolution of Disputes by Arbitration" sections in both versions of the Client Manual are identical. The Client Manual effective July 1, 2010 is attached to these Responses as Exhibit A.

Interrogatory No. 9

State the number of Client Manuals composed and crafted, and/or printed and allegedly distributed during the relevant time period (or prior thereto) to Plaintiffs. If the answer is in the affirmative, state what record or proof exists that Citibank maintains of said composition, crafting, printing and/or distribution to Plaintiffs and the acknowledgement of receipt of Client Manuals by said Plaintiffs.

Response No. 9

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague, ambiguous and unintelligible, including as to the terms "composed" and "crafted"; (iii) it is compound and/or has subparts; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to, and without waiving the foregoing objections, Citibank responds to this Interrogatory as follows: Plaintiffs received a Client Manual and Marketplace Addendum at the

time they opened their accounts in October 2010 pursuant to Citibank's regular practices and procedures in place at that time. When Plaintiffs received the Client Manual and Marketplace Addendum, they each executed a signature card acknowledging that they would "be bound by any agreement governing any account opened in the title indicated on this card." A copy of the Marketplace Addendum provided to Plaintiff Hirsch when he opened his account is attached to these Responses as Exhibit B. A copy of the Marketplace Addendum provided to Plaintiff Romanov when he opened his account is attached to these Responses as Exhibit C.

Interrogatory No. 10

State whether Citibank had any written sales manual, policy or procedure guide or any other literature provided to Citibank personnel for use and utilization for the promotional offer(s) described in the Complaint herein which contained a requirement that a new customer pursuant to the promotional offer(s) must receive and acknowledge receipt of the alleged Client Manual. If the answer is in the affirmative, set forth a copy or copies thereof together with the response herein.

Response No. 10

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague, ambiguous and unintelligible, including as to the term "use and utilization for the promotional offer(s)"; (iii) it is compound and/or has subparts; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to, and without waiving the foregoing objections, Citibank responds to this Interrogatory as follows: Pursuant to Citibank's regular practices and procedures, all customers

opening a new deposit account at a Citibank branch, regardless of whether the account was or is opened pursuant to a "promotional offer," are provided with a copy of the Client Manual and Marketplace Addendum at the time the account is opened.  See also CITI-0000119 and CITI-0000133.

Interrogatory No. 11

State who was the principal Citibank person and/or Administrator of the promotional offer(s) described in the Complaint herein, identifying his/her address, job title and job description.

Response No. 11

In addition to the General Objections, Citibank objects to this Interrogatory on the grounds that it exceeds the scope of permissible discovery.  Citibank further objects to this Interrogatory on the grounds, among others, that:  (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; and (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks confidential and proprietary business information belonging to Citibank.

Dated: New York, New York
December 23, 2013

                                        STROOCK & STROOCK & LAVAN LLP

                                        By: _____
                                             Joseph E. Strauss
                                        180 Maiden Lane
                                        New York, New York 10038-4982
                                        212-806-5400
                                        jstrauss@stroock.com

                                        Julia B. Strickland, Esq.
                                        Stroock & Stroock & Lavan LLP
                                        2029 Century Park East
                                        Los Angeles, CA 90067-3086
                                        310-556-5800
                                        lacalendar@stroock.com

                                        *Attorneys for Defendant Citibank, N.A.*

## VERIFICATION

I, Nancy Lewis, state under penalty of perjury that: I am presently a Senior Vice President in Operations for Citibank, N.A. ("Citibank"). I am authorized to sign these responses on behalf of Citibank. The foregoing responses to interrogatories were propounded with the assistance and advice of counsel and employees of Citibank; the responses have been made upon information from records of Citibank that are believed to be accurate; Citibank reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein and more accurate information is available; and that, subject to the limitations set forth herein, these responses are true to the best of my knowledge, information and belief.

Signed under the penalty of perjury this 23 day of December, 2013.

_____
Nancy Lewis

Exhibit A