# EXHIBIT A

EXECUTION VERSION

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made by and between: (1) plaintiffs Bertram E. Hirsch and Igor Romanov ("Plaintiffs"), for themselves and the Settlement Class (as defined below), on the one hand; and (2) Citibank, N.A. ("Citibank"), on the other hand (collectively with Plaintiffs, the "Parties"). Citibank, Settlement Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and, upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and Settlement Class Members (as defined below) against Citibank in the action entitled <u>Bertram Hirsch and Igor Romanov v. Citibank, N.A.</u>, U.S.D.C. Southern District of New York, Case No. 12-civ-1124-DAB (the "Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

**I.    RECITALS**

1.1    Plaintiffs filed the Action on February 14, 2012. The Complaint in the Action alleges that: (1) Citibank did not adequately disclose to customers that Citibank would report the taxable value of promotional American Airlines miles ("AA miles") awarded to customers as income to the Internal Revenue Service ("IRS") by issuing IRS Form 1099s ("AA Miles Form 1099"); (2) that the AA miles do not constitute reportable income; and (3) Citibank overvalued the AA miles for reporting purposes.

1.2    Based on these allegations, Plaintiffs assert claims against Citibank for violation of the consumer protection statutes of each state in the United States and the District of Columbia, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation and unjust enrichment. For an alleged nationwide class, Plaintiffs seek compensatory damages, punitive damages, interest, restitution and disgorgement, injunctive

relief, declaratory relief and attorneys' fees and costs.

1.3    On May 8, 2013, Citibank filed an Answer to Plaintiffs' Complaint in the Action, denying its allegations in their entirety and asserting various affirmative defenses.

1.4    Plaintiffs and Settlement Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiffs and Settlement Class Counsel propounded written discovery, and Citibank responded to the discovery and produced documents relating to Plaintiffs' claims.  Both Plaintiffs and employees of Citibank were deposed in the Action and Citibank produced thousands of documents.  There were two appeals in the United States Court of Appeals for the Second Circuit concerning whether Plaintiffs were subject to an arbitration agreement.  See Hirsch v. Citibank, No. 14-2491-cv, 605 F. App'x 59 (2d Cir. May 13, 2015); Hirsch v. Citibank, No. 13-1172-cv, 542 F. App'x 35 (2d. Cir. Oct. 22, 2013).

1.5    On November 20, 2015, the Parties participated in a formal mediation of the Action before Lawrence W. Pollack, Esq. of JAMS, Inc. (formerly Judicial Arbitration and Mediation Services).

1.6    At the mediation, the Parties reached a settlement in principle and signed a Memorandum of Understanding, which memorialized the Parties' good faith intention, subject to execution of this Agreement and preliminary and final approval by the Court, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for Citibank's agreement to provide the Settlement benefits.

1.7    There are approximately 7,161 potential members of the Settlement Class.

1.8    Based upon analysis of the facts and the law applicable to Plaintiffs' claims, and the discovery undertaken prior to execution of this Agreement, and taking into account the burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims

- 2 -

of the Settlement Class, Settlement Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class.

1.9     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims, without any admission of liability, with respect to all Released Claims (as defined below) by Settlement Class Members. The Parties intend this Agreement to bind Plaintiffs, Citibank and Settlement Class Members.

**NOW, THEREFORE**, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and Citibank agree to the Settlement, subject to approval by the Court, as follows:

## II.     DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

2.1     "CAFA Notice" means the notice requirements imposed by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

2.2     "Claim Deadline" means the last day that a Settlement Class Member may submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement.  The "Claim Deadline" shall be ninety (90) days following the Notice Deadline.

2.3     "Claim Form" or "Claim" means the claim form pursuant to which Settlement Class Members may submit a request for a Settlement Award, a proposed form of which is attached hereto as Exhibit 3.

2.4     "Class Period" means the period from January 1, 2009 through, and including, the date of entry of the Preliminary Approval Order.

2.5     "Court" means the United States District Court for the Southern District of New

- 3 -

York.

2.6     "Citibank's Counsel" means Stroock & Stroock & Lavan LLP.

2.7     "Effective Date" means fifteen (15) business days after which all of the following events have occurred:

(a)     The Parties, Citibank's Counsel and Settlement Class Counsel have executed this Agreement;

(b)     The Court has entered, without material change, the Final Approval Order; and

(c)     The time for appeal or petition has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal or certiorari could be taken has finally expired.

2.8     "Final Approval" means the date that the Court enters the Final Approval Order granting final approval of the Settlement and determines the amount of attorneys' fees, costs and expenses awarded to Settlement Class Counsel and the amount of any service awards to Plaintiffs.

2.9     "Final Approval Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Class and an opportunity for the Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement, at which time the Court will conduct an inquiry into the fairness, reasonableness and adequacy of the Settlement, and determine whether to approve the Settlement and Settlement Class Counsel's application for attorneys' fees, costs and expenses and for service awards to Plaintiffs.

- 4 -

2.10   "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement.  The proposed Final Approval Order shall be substantially in the form attached hereto as Exhibit 5.

2.11   "Incomplete Claim Form" means a Claim Form submitted by the Claim Deadline that does not include the Settlement Class Member's full name, address and signature.

2.12   "Notice" means the notice utilized to notify the Settlement Class of the Settlement, including one or more of the following methods:  Postcard Notice, Long-Form Notice and any different or additional notice that might be ordered by the Court.  The Postcard Notice and Long-Form Notice shall be substantially in the forms attached hereto as Exhibits 1 and 2, respectively.  "Notice Program" means the methods provided by this Agreement for giving the Notice of the Settlement to the Settlement Class as set forth in Section 8.2.

2.13   "Notice Deadline" shall mean forty-five (45) days following the entry of the Preliminary Approval Order.

2.14   "Notice of Missing Information" means the written notice sent by the Settlement Administrator to a Settlement Class Member to inform the Settlement Class Member that he/she submitted an Incomplete Claim Form and identify the information that the Settlement Class Member must provide for the Incomplete Claim Form to be a Valid Claim.

2.15   "Opt-Out and Objection Deadline" means forty-five (45) days following the Notice Deadline.

2.16   "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement (the "Preliminary Approval Order"). The proposed Preliminary Approval Order shall be substantially in the form attached hereto as Exhibit 4.

2.17   "Released Claims" means all claims to be released by Plaintiffs and the

- 5 -

Settlement Class Members as specified in Section 12.1.  The "Releases" means all of the releases contained in Section 12 of this Agreement.

2.18    "Released Parties" means those persons and entities released as set forth in Section 12.1.

2.19    "Releasing Parties" means the Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any authorized users of their accounts and any other person claiming through any of them.

2.20    "Settlement" means this settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

2.21    "Settlement Administrator" means Rust Consulting, Inc., subject to approval by the Court.

2.22    "Settlement Award" means a one-time check payment of an amount to be determined as set forth in Section 3.2 for a Valid Claim submitted by a Settlement Class Member.

2.23    "Settlement Class" means, for settlement purposes only, all persons or entities in the United States who received an IRS Form 1099 from Citibank as a result of opening a Citibank deposit account and receiving AA miles through Citibank promotions in which Citibank valued the AA miles at 2.5 cents per mile, during the period between January 1, 2009 and the date of entry of the Preliminary Approval Order.

2.24    "Settlement Class Counsel" means:  (1) James C. Kelly, Esq. of The Law Office of James C. Kelly, 244 5th Ave., Suite K-278, New York, NY 10001, (212) 920-5042, jkelly@jckellylaw.com; and (2) Samuel P. Sporn, Esq. of Schoengold & Sporn, P.C., World

- 6 -

Wide Plaza, 393 West 49th Street, Suite 5HH, New York, NY 10019, (212) 964-0046,

sporn@spornlaw.com.

2.25    "Settlement Class Member" means any person in the Settlement Class who does

not validly exclude themselves.

2.26    "Settlement Costs" means the following amounts:  (i) any award of attorneys'

fees, costs and expenses to Settlement Class Counsel approved by the Court; (ii) any service

awards to Plaintiffs approved by the Court; (iii) all costs of providing Notice to persons in the

Settlement Class, including, but not limited to, costs for Postcard Notice, Long-Form Notice and

any different or additional notice that might be ordered by the Court; (iv) all costs of skip tracing

for all returned mail; (v) all costs of administering the Settlement, including, but not limited to,

the cost of preparing and mailing Claim Forms and Settlement Awards, the cost of maintaining a

designated Post Office box and/or operating the Settlement Website for receiving Claim Forms,

and the cost of processing opt-out requests; and (vi) the fees, expenses and all other costs of the

Settlement Administrator.

2.27    "Settlement Website" means the dedicated website to be established and

maintained by the Settlement Administrator for purposes of receiving Claim Forms and

providing notice and other information regarding the Settlement to persons in the Settlement

Class and others, as set forth in Section 8.2(b).

2.28     "Valid Claim" means a properly completed Claim Form submitted by a

Settlement Class Member, which:  (i) contains the Settlement Class Member's full name; (ii) is

postmarked or submitted online on or before the Claim Deadline; (iii) is sent to the address

specified in the Notice and Claim Form or submitted online via the Settlement Website; (iv) for

mailed Claim Forms, has the Settlement Class Member's signature; and (v) for Claim Forms

submitted online via the Settlement Website, has the Settlement Class Member's electronic

- 7 -

signature.

## III.   AWARDS TO SETTLEMENT CLASS MEMBERS

3.1     Maximum Settlement Liability:  Citibank shall pay the maximum sum of one million seven hundred fifty thousand dollars ($1,750,000) to satisfy the Settlement Awards to Settlement Class Members who submit a Valid Claim.  This shall represent Citibank's Maximum Settlement Liability.  Citibank's Maximum Settlement Liability does not include Citibank's responsibility for payment of Settlement Costs, as set forth in Section 7.2.

3.2     Settlement Awards:  Settlement Awards shall be paid on a claims-made basis only to Settlement Class Members who submit a Valid Claim.  Each Settlement Class Member who submits a Valid Claim will receive a Settlement Award as follows:

(a)     If a Settlement Class Member submits a Valid Claim affirming:  (i) the Settlement Class Member reported to the IRS the income attributable to the receipt of AA miles set forth in his or her AA Miles Form 1099, (ii) the Settlement Class Member paid taxes on the income attributable to the receipt of AA miles set forth in his or her AA Miles Form 1099, and (iii) the Settlement Class Member's federal tax rate at the time he or she paid taxes on the income attributable to the receipt of AA miles set forth in his or her AA Miles Form 1099, then that Settlement Class Member will receive a Settlement Award calculated as follows:  seventy percent (70%) of the amount of the income attributable to the receipt of AA miles reported on the Settlement Class Member's AA Miles Form 1099 multiplied by the Settlement Class Member's federal tax rate (subject to Section 3.2(c)) (e.g., if a Settlement Class Member's federal tax rate was 35% and the amount of income attributable to receipt of AA Miles on his or her AA Miles Form 1099 was $1,000, his or her Settlement Award would be $245).  To determine a Settlement Class Member's applicable federal tax rate, the Claim Forms will allow the Settlement Class Member to select one of the following options:  10%, 15%, 25%, 28%,

- 8 -

33%, 35%, and "unknown."  In the event that a Settlement Class Member fails to select a federal tax rate or selects "unknown," then that Settlement Class Member's federal tax rate will be calculated at twelve and one-half percent (12.5%) for purposes of this Settlement.

        (b)     If a Settlement Class Member submits a Valid Claim that does not contain the affirmations set forth in Section 3.2(a)(i) and (ii) above, that Settlement Class Member will receive a Settlement Award of $40 (subject to Section 3.2(c)).

        (c)     If the aggregate amount of the Settlement Awards calculated pursuant to Sections 3.2(a) and (b) above exceeds Citibank's Maximum Settlement Liability, then each Settlement Award will be reduced on a pro rata basis such that the aggregate amount of the Settlement Awards does not exceed the Maximum Settlement Liability (e.g., if a Settlement Class Member's Settlement Award is determined to be $250 and the total amount of Settlement Awards is $2,000,000, which is 12.5% greater than the Maximum Settlement Liability of $1,750,000, then he or she will receive a Settlement Award of $218.75, which is 12.5% less than $250).

        3.3     <u>Conditions for Claiming Settlement Awards</u>:  To obtain a Settlement Award, Settlement Class Members must submit a Valid Claim.  Citibank shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if Citibank has a good faith belief that such claims are improper or fraudulent.  Any suggestion of denial of claims shall be provided to Settlement Class Counsel in writing.  If Citibank's Counsel and Settlement Class Counsel cannot agree upon which claims should be denied, they shall submit the issue to the Court for determination at the Final Approval Hearing.

        3.4     <u>Notice of Missing Information</u>:  If a Settlement Class Member submits an Incomplete Claim Form, the Settlement Administrator shall send a Notice of Missing Information via first class mail to the Settlement Class Member at the Settlement Class

Member's address as indicated on the Incomplete Claim Form.  The Settlement Class Member shall have until the Claim Deadline, or fifteen (15) days from the date that the Notice of Missing Information was mailed, whichever is later, to reply to the Notice of Missing Information and provide a Valid Claim.  If a Settlement Class Member fails to provide a timely Valid Claim after receiving a Notice of Missing Information or the Settlement Administrator is unable to return the Incomplete Claim Form as a result of the omitted information, the Claim Form will not be a Valid Claim.

      3.5    <u>Obligations of Settlement Class Members Unaffected by Settlement</u>:  The Settlement shall not affect any debts allegedly owed by Plaintiffs or Settlement Class Members to Citibank, and Plaintiffs and all Settlement Class Members will remain fully obligated on any and all such debts.  Nothing in this Agreement shall operate or be construed as modifying the terms of the agreements governing any accounts that Plaintiffs or Settlement Class Members have or ever had with Citibank.

      3.6    <u>Distribution of Settlement Awards to Settlement Class Members</u>:  Citibank will fund the Settlement Awards by transmitting the necessary amount to the Settlement Administrator within twenty (20) days following the Effective Date.  No later than seventy-five (75) days following the  Effective Date, the Settlement Administrator shall mail, by first class mail, a Settlement Award in the form of a check to each Settlement Class Member who submits a Valid Claim pursuant to Section 3.2 above (subject to Section 3.3), in an envelope which shall state, on the outside: "NOTICE REGARDING YOUR CLASS ACTION CLAIM."  The Settlement Administrator will perform skip tracing and re-mailing, as necessary.  Checks will be valid for one hundred and eighty (180) days from the date on the check (the "Payment Period") and checks shall bear a legend indicating their expiration date.  The amounts of any checks that are returned as undeliverable or that remain uncashed after the Payment Period shall revert back

- 10 -

to Citibank.

## IV.    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS/ SERVICE AWARDS TO PLAINTIFFS

4.1     <u>Attorneys' Fees and Costs</u>:   Within thirty (30) days after the Notice Deadline, Settlement Class Counsel shall file a Motion for Attorneys' Fees and Costs in accordance with Fed. R. Civ. P. 23(h).   Citibank shall not object to such a motion so long as the amount requested is not more than $1,200,000.  Court approval of attorneys' fees, costs and expenses, or their amount, shall not be a condition of the Settlement.  The attorneys' fees, costs and expenses awarded by the Court shall be paid to Settlement Class Counsel within thirty (30) days after the Effective Date.  No interest will accrue on such amounts at any time.  Settlement Class Counsel agree to provide W-9's and/or other documentation required by Citibank and/or the Settlement Administrator to process and properly report to the taxing authorities any amounts paid.

4.2     <u>Service Awards</u>:   Within thirty (30) days after the Notice Deadline, Plaintiffs will move the Court for service awards for the time, expense, and effort they have personally invested in this Action, subject to Court approval.  Plaintiffs will move the Court for a service award not to exceed $25,000 for Plaintiff Bertram Hirsch and a service award not to exceed $12,500 for Plaintiff Igor Romanov.  Citibank reserves the right to object to any motion for service awards no later than fourteen (14) days prior to the Final Approval Hearing, with any reply filed by Plaintiffs due no later than seven (7) days prior to the Final Approval Hearing.  Any such service awards awarded by the Court shall be paid by Citibank to Plaintiffs at the same time that the attorneys' fees, costs and expenses are paid to Settlement Class Counsel.  Court approval of the service awards or their amount shall not be a condition of the Settlement.  No interest will accrue on such amounts at any time.  Plaintiffs agree to provide W-9's and/or other documentation required by Citibank and/or the Settlement Administrator to process and properly report to the

taxing authorities any amounts paid.

       4.3    <u>Representations as to Value</u>:  In connection with the applications described in Sections 4.1 and 4.2 above, Settlement Class Counsel and/or Plaintiffs may advise the Court that they believe they provided approximately $10,000,000 in value to the Settlement Class based upon changes made by Citibank to its customer deposit account agreement (the "Client Manual"), deposit account signature card and valuation of the AA miles in connection with deposit account promotions.  Citibank will not take a position on these representations.

## V.      CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

       5.1    Solely for the purposes of providing Notice and implementing the terms of this Agreement, the Parties agree to certification of the Settlement Class.  If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in this Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Citibank or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

## VI.      PRELIMINARY APPROVAL

       6.1    <u>Preliminary Approval Motion</u>:  Upon execution of this Agreement by the Parties, Citibank's Counsel and Settlement Class Counsel, Settlement Class Counsel shall file this Agreement with the Court and move the Court for a Preliminary Approval Order.  The proposed

Preliminary Approval Order shall be substantially in the form attached hereto as Exhibit 4, or in such other form as Settlement Class Counsel and Citibank's Counsel agree upon.  The Preliminary Approval Motion shall request that the Court:  (a) preliminarily approve the terms of the Settlement as within the range of fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only and appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the Notice Program set forth herein and approve the form and content of the Postcard Notice and Long-Form Notice, substantially in the forms attached to this Agreement as Exhibits 1 and 2; (d) approve the procedures set forth in Sections 9.1, 10.1 and 10.2 below for persons in the Settlement Class to exclude themselves from the Settlement Class or to object to the Settlement; (e) set the Opt-Out and Objection Deadline as the date after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene; (f) approve the Claim Form and the claims process described herein; (g) set the Claim Deadline as the deadline for Settlement Class Members to submit Claim Forms; (h) pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely exclude themselves from the Settlement Class; (i) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuating the Settlement; and (j) schedule a Final Approval Hearing, which shall be scheduled no earlier than sixty (60) days after the Claim Deadline.

      6.2    <u>Stay/Bar of Proceedings</u>:  All proceedings in the Action will be stayed following

entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person in the Settlement Class, may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will enjoin the commencement or prosecution of the Released Claims by any person in the Settlement Class unless and until after such person is validly excluded from the Settlement Class.

6.3    <u>Citibank Documentation</u>:  Citibank agrees to provide W-9's and/or other documentation as reasonably required by the Settlement Administrator.

## VII.    SETTLEMENT ADMINISTRATION

7.1    <u>Settlement Administrator</u>:

(a)    The Settlement Administrator shall administer various aspects of the Settlement as described in Section 7.1(b) below, and perform other functions assigned to the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, calculating the amount of the Settlement Award to each Settlement Class Member who submits a Valid Claim, and distributing Settlement Awards to Settlement Class Members.  Citibank shall have no responsibility or liability for the administration of the Settlement and shall have no liability to the Settlement Class Members in connection with, as a result of, or arising out of such administration.

(b)    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

(1)     Obtain from Citibank, on a confidential basis, the name and mailing address information (at the most recent address reasonably available in Citibank's records) for persons in the Settlement Class, and update the addresses received through the National Change of Address database for the purpose of mailing the Postcard Notice, and later mailing Settlement Awards;

(2)     Provide the Postcard Notice, as described herein and approved by the Court;

(3)     Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

(4)     Establish and maintain the Settlement Website;

(5)     Establish and maintain an automated toll-free telephone line for persons in the Settlement Class to call with Settlement-related inquiries;

(6)     Process all requests for exclusion from persons in the Settlement Class;

(7)     Provide bi-weekly written reports and a final report to Settlement Class Counsel and Citibank's Counsel that summarize the number of requests for exclusion received during that period, the total number of exclusion requests received to date and other pertinent information;

(8)     Review all submitted Claim Forms to determine each Settlement Class Member's eligibility for a Settlement Award, and the amount of the Settlement Award, if any;

(9)     Send Notices of Missing Information regarding Incomplete Claim Forms, if required, and provide a report on a bi-weekly basis to Settlement Class Counsel and

- 15 -

Citibank's Counsel regarding the Incomplete Claim Forms and the reason the Incomplete Claim Forms are not Valid Claims;

(10)    No later than twenty-one (21) days prior to the Final Approval Hearing, prepare a declaration to submit to the Court that:  (i) verifies that the Notice Program directed by the Court has been effectuated; (ii) states the number of Postcard Notices that were mailed; (iii) states the number of Postcard Notices that were returned as undeliverable; (iv) states the number of Valid Claims currently made; (v) states the total dollar amount of Settlement Awards to be paid as a result of the Valid Claims currently made; and (vi) identifies each person in the Settlement Class who submitted timely and valid requests for exclusion from the Settlement Class;

(11)    Process and transmit Settlement Awards to Settlement Class Members who submit Valid Claims; and

(12)    No later than thirty (30) days after all Settlement Awards are paid to Settlement Class Members, respectively, and again at the conclusion of the Payment Period, the Settlement Administrator shall provide a detailed final accounting to the Parties.  The Settlement Administrator shall also provide interim reports or declarations to the Parties upon their mutual request at any time, which may be filed with the Court.

7.2    Settlement Costs:  Citibank will pay all reasonable Settlement Costs, as defined in Section 2.26.

## VIII.   PROVIDING NOTICE TO THE SETTLEMENT CLASS

8.1    Settlement Class List:  Within fifteen (15) business days following entry of the Preliminary Approval Order, Citibank shall provide to the Settlement Administrator a list ("Settlement Class List") that identifies the name and last known address of the persons in the Settlement Class as reflected in Citibank's reasonably available computerized account records.

- 16 -

8.2   Notice Program:

(a)   Postcard Notice:  No later than the Notice Deadline, the Settlement Administrator shall update the addresses through the National Change of Address Database, and shall mail the Postcard Notice to each person listed in the Settlement Class List.  The Postcard Notice shall be substantially in the form attached hereto as Exhibit 1, at least 6" x 9" in size with legible type, and include summary information pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) on how to submit the Claim Form and the toll-free telephone number described in Section 8.2(c), and refer to the Settlement Website.  To the extent a Postcard Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Postcard Notice to the new address indicated and update the Settlement Class List accordingly.  Within seven (7) days after the date the Settlement Administrator completes the mailing of the Postcard Notice (not including any re-mailing of the Postcard Notice), the Settlement Administrator shall provide confirmation in writing to Settlement Class Counsel and Citibank's Counsel that the Postcard Notice was completed in a timely manner.

(b)   Settlement Website:  By no later than the first date that the Postcard Notice is mailed, the Settlement Administrator shall establish and maintain the Settlement Website, on which will be posted the Long-Form Notice, Postcard Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Motion, the Preliminary Approval Order, the Final Approval Motion (when available), the operative Complaint and Citibank's Answer thereto, and any other materials the Parties agree to include.  The Settlement Website also shall contain information regarding the Settlement, provide for online submission of Claim Forms and the toll-free telephone number to obtain Claim Forms by mail, and provide for persons in the Settlement Class to update their contact information.  The Parties have selected the Uniform Resource Locator ("URL"), www.HirschAirlineMilesSettlement.com.  If the selected URL is not available

- 17 -

or is rejected by the Court, a new URL, which shall not include the word "Citibank," shall be

selected and agreed upon by the Parties and presented to the Court for approval.  Ownership of

the Settlement Website URL shall be transferred to Citibank within ten (10) days following the

date on which operation of the Settlement Website ceases.

        (c)    Toll-Free Telephone Number:  By no later than the first date that the

Postcard Notice is mailed, the Settlement Administrator shall establish and maintain an

interactive voice response ("IVR") on a toll-free telephone number for receiving toll-free calls

related to the Settlement to provide information about the Settlement and to receive requests for

Claim Forms.  The IVR on the toll-free telephone number shall be maintained until thirty (30)

days after the Claim Deadline.  Thereafter and up to and including the date of the Final Approval

Hearing, a recording will advise any caller to the toll-free telephone number that the Claim

Deadline has passed and that details regarding the Settlement may be reviewed on the Settlement

Website.

        (d)    CAFA Notice:  Citibank shall be responsible for timely compliance with

all CAFA Notice requirements.

        (e)    Form of Notice:  Any and all Notices of the Settlement provided under or

as part of the Notice Program, including but not limited to the Postcard Notice, Long-Form

Notice and Settlement Website, shall not bear or include the Citibank or any of its parents,

affiliates or subsidiaries' logo or trademarks, the return address of Citibank, Citibank colors, or

otherwise be styled so as to appear to originate from Citibank.

## IX.    EXCLUSIONS FROM THE SETTLEMENT CLASS

    9.1    Exclusion Requirements:  All Settlement Class Members will be bound by all

determinations and judgments in the Action.  Persons in the Settlement Class may request

exclusion from the Settlement by sending a written request to the Settlement Administrator at the

address designated in Notice no later than the Opt-Out and Objection Deadline.  To be valid, exclusion requests must:  (i) be signed by the person in the Settlement Class who requests exclusion; (ii) include the full name, address and phone number of the person requesting exclusion; and (iii) include substantially the following statement: "I request to be excluded from the settlement in the Hirsch action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person (including, but not limited to, an attorney) acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.  At or before the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration setting forth a complete list of all persons who submitted timely and valid requests for exclusion from the Settlement Class.

9.2    Termination of Settlement:  In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds three hundred twenty-five (325), Citibank, in its sole discretion, shall have the right to terminate the Settlement. Citibank shall inform Settlement Class Counsel within thirty (30) days after it is advised by the Settlement Administrator in writing that the number of valid opt-out requests is higher than three hundred twenty-five (325) as to whether it will exercise the right of termination.  In the event that the Settlement is terminated pursuant to this Section, the Parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into.

9.3    Retention of Exclusions:  The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to respective counsel for the Parties.  Settlement Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

- 19 -

## X.    OBJECTIONS TO THE SETTLEMENT

10.1    <u>Right To Object</u>:  Any Settlement Class Member may appear at the Final

Approval Hearing to object to the proposed Settlement and/or to the application of Settlement

Class Counsel for an award of attorneys' fees, costs and expenses and/or service awards to

Plaintiffs, but only if the Settlement Class Member has first filed a written objection with the

Court, in accordance with the requirements set forth below, by the Opt-Out and Objection

Deadline.  Further, any Settlement Class Member who intends to appear at the Final Approval

Hearing must file and serve on all parties a Notice of Intention to Appear, either in person or

through an attorney hired at the Settlement Class Member's own expense, no later than thirty

(30) days prior to the Final Approval Hearing.  Copies of any papers, exhibits or other evidence

or information that the Settlement Class Member intends to present at the Final Approval

Hearing must also be attached to the Notice of Intention to Appear.

10.2    <u>Objection Requirements</u>:  To be heard at the Final Approval Hearing, the

Settlement Class Member must make any objection in writing and file it with the Court by the

Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following,

postmarked no later than the Opt-Out and Objection Deadline:  (i) Settlement Class Counsel –

James C. Kelly, Esq., The Law Office of James C. Kelly, 244 5th Ave., Suite K-278, New York,

NY 10001 and Samuel P. Sporn, Esq., Schoengold & Sporn, P.C., World Wide Plaza, 393 West

49th Street, Suite 5HH, New York, NY 10019; and (ii) Citibank's Counsel – Julia B. Strickland,

Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, CA 90067.   For

an objection to be considered by the Court, the objection must set forth:

       (a)    the name of the Action;

       (b)    the objector's full name, address and telephone number;

(c)     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d)     all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel and any documents supporting the objection;

(e)     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

(f)     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; and

(g)     the objector's signature (an attorney's signature is not sufficient).

10.3     Waiver of Right to Object:  Any Settlement Class Member who does not provide a written objection in the manner described in Sections 10.1 and 10.2 above shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Final Approval Order, or the award of any attorneys' fees, costs and expenses to Settlement Class Counsel and/or service awards to Plaintiffs.

10.4     Response to Objections:  The Parties shall file any response to an objection no later than fourteen (14) days prior to the Final Approval Hearing.  An objector may file any reply in support of his or her objection no later than seven (7) days prior to the Final Approval Hearing.

NY 76041977

## XI.   FINAL APPROVAL ORDER AND JUDGMENT

11.1    <u>Motion for Final Approval</u>:  No later than forty-five (45) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiffs shall file the Motion for Final Approval of the Settlement requesting that the Court enter the Final Approval Order. No later than (14) days prior to the Final Approval Hearing, the Parties may file any reply papers in support of final approval of the Settlement.

11.2    <u>Final Approval Hearing</u>:  The Court at the Final Approval Hearing will determine whether to enter the Final Approval Order granting final approval of the Settlement, and whether to approve Settlement Class Counsel's request for attorneys' fees, costs and expenses, and service awards to Plaintiffs.  The Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the applications for attorneys' fees, costs and expenses or service awards, provided the objectors filed timely objections that meet all of the requirements listed in Sections 10.1 and 10.2 above.

11.3    <u>Dismissal</u>:  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

## XII.   RELEASES

12.1    As of the Effective Date, the Releasing Parties will be deemed to have fully released and forever discharged Citibank and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, vendors, independent contractors, predecessors in interest, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute (including but not limited to New York's Deceptive Acts and Practices Act,

- 22 -

N.Y. Gen. Bus. Law § 349 et seq., California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq., and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and other federal or state unfair and deceptive practices statutes), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of entry of the Final Approval Order:  (a) that arise out of or are related in any way to disclosures concerning the AA Miles, the AA Miles Form 1099s and/or the issuance of AA Miles Form 1099s to the Settlement Class Members and the Releasing Parties within the Class Period; (b) that arise out of or relate in any way to the allegations in the Action; and/or (c) that arise out of or relate in any way to the administration of the Settlement, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims").

      12.2    Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective.  This paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code and all similar laws.  Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or any other applicable federal or state

statute, case law, rule or regulation relating to limitations on releases.  In connection with such

waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they

are aware that they may hereafter discover facts in addition to, or different from, those facts

which they now know or believe to be true with respect to the subject matter of the Settlement,

but that it is their intention to release fully, finally and forever all Released Claims with respect

to the Released Parties, and in furtherance of such intention, the releases of the Released Claims

will be and remain in effect notwithstanding the discovery or existence of any such additional or

different facts.

## XIII.  TERMINATION OF THE SETTLEMENT

13.1    <u>Right to Termination</u>:  This Settlement may be terminated by either Citibank or

Settlement Class Counsel by serving on counsel for the opposing party and filing with the Court

a written notice of termination within fourteen (14) days after any of the following occurrences:

(a)    the Court rejects, materially modifies, materially amends or changes, or

declines to preliminarily or finally approve the Settlement;

(b)    an appellate court reverses the Final Approval Order, and the Settlement is

not reinstated without material change by the Court on remand;

(c)    any court incorporates into, or deletes or strikes from, or modifies,

amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in

a way that Citibank or Settlement Class Counsel seeking to terminate the Settlement reasonably

considers material;

(d)    the Effective Date does not occur; or

(e)    any other ground for termination provided for elsewhere in this

Agreement.

13.2    <u>Return to Status Quo Ante</u>:  In the event of a termination of the Settlement, the

- 24 -

Parties retain all of their pre-Settlement litigation rights and defenses, including Plaintiffs' right

to seek class certification and Citibank's right to seek to compel arbitration and/or oppose class

certification.

## XIV.   NO ADMISSIONS

14.1     Citibank expressly disclaims and denies any wrongdoing or liability whatsoever.

This Settlement, and any and all negotiations, statements, documents and/or proceedings in

connection with this Settlement, shall not be construed or deemed to be evidence of an admission

or concession by the Released Parties of any liability or wrongdoing and shall not be construed

or deemed to be evidence of an admission or concession that any person suffered compensable

harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document

executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be

used as an admission of, or evidence of, the validity of any Released Claim, or of any

wrongdoing by or liability of the Released Parties; (ii) is or may be deemed to be or may be used

in any civil, criminal, or administrative proceeding in any court, administrative agency or other

tribunal as an admission or evidence of any fault or omission of the Released Parties; (iii) is or

may be deemed a waiver of Citibank's right to challenge class certification if this Settlement for

any reason does not become final; (iv) is or may be deemed a waiver of Citibank's right to

compel arbitration of claims by Settlement Class Members; or (v) is or may be deemed to be a

waiver of Citibank's right to challenge the claims asserted in the Action by Plaintiffs or any

Settlement Class Member.

## XV.   CONFIDENTIALITY

15.1     The terms of this Settlement, including the fact of the proposed Settlement, shall

remain completely confidential until all documents are executed and a motion for Preliminary

Approval of the Settlement is filed with the Court; provided, however, that the Parties may

- 25 -

jointly report the pendency of the Settlement to the Court in the Action.  Citibank may, at its sole

discretion, disclose the terms of this Settlement and the Parties' Memorandum of Understanding

to its auditors and other parties as reasonably necessary to maintain normal business operations

and have the Settlement internally effectuated.

## XVI.   NO PUBLICITY BEYOND NOTICE PROCEDURES

16.1    Any press releases or public statements issued or initiated by Settlement Class

Counsel and/or Plaintiffs shall be limited to the information stated in Exhibit 1 attached hereto.

Settlement Class Counsel and/or Plaintiffs will not make public statements of any kind to any

third party regarding the Settlement prior to filing the motion for Preliminary Approval with the

Court, with the exception of the Settlement Administrator, but may respond in private to any

inquiries from putative class members (as defined in the Action) regarding the Action.  The

Parties may make public statements to the Court as necessary to obtain Preliminary or Final

Approval of the Settlement and Settlement Class Counsel will not be prohibited from

communicating with any person in the Settlement Class regarding the Action or the Settlement.

In all communications, Settlement Class Counsel must comply with the Stipulation and Order for

the Protection and Exchange of Confidential Information in this Action, dated July 13, 2015 (the

"Confidentiality Order") and not disclose information that is not a part of the public record.

Plaintiffs and Settlement Class Counsel shall refrain from disparaging any of the Released

Parties publicly or taking any action designed or reasonably foreseeable to cause harm to the

public perception of any of the Released Parties regarding any issue related in any way to the

Action or the Settlement.

## XVII.  GENERAL PROVISIONS

17.1    <u>Settlement Conditioned Upon Approval</u>:  This Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into and the Settlement, the Parties' Memorandum of Understanding, and their existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose.

17.2    <u>Evidentiary Preclusion</u>:  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (including, but not limited to, the Memorandum of Understanding):  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Citibank's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement.  In addition, neither the fact of, nor any documents relating to, Citibank's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

- 27 -

preclusion or any other defense or counterclaim.

  17.3 <u>Destruction of Confidential Material</u>:  It is agreed that the originals and copies of all confidential documents and information ("Confidential Material") subject to the Confidentiality Order shall be returned to the producing party or destroyed in accordance with Section 20 of the Confidentiality Order.  Nothing in this Agreement shall require attorney work product or pleading files to be returned.  Anyone who received Confidential Material shall confirm in writing that:  (1) all Confidential Material has been either returned or destroyed, as applicable; (2) no copies of Confidential Material of any nature and in any form have been retained; (3) if applicable, the precise method used to destroy the Confidential Material; and (4) the method used to securely destroy and/or remove the data from all systems and media needs to be included, <u>e.g.</u>, using NIST SP 800-88 Revision 1 or DoD 5220.22-M guidelines and/or if using a third party to physically destroy media, certificates of destruction must be obtained and provided.

  17.4 <u>Jurisdiction</u>.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.

  17.5 <u>Notices</u>.  All notices to counsel provided for herein shall be sent by email or facsimile with a hard copy sent by overnight mail to:

As to Plaintiffs and the Settlement Class:

James C. Kelly, Esq.
The Law Office of James C. Kelly
jkelly@jckellylaw.com
244 5th Ave., Suite K-278
New York, NY 10001
Telephone: (212) 920-5042
Facsimile: (888) 224-2068

Samuel P. Sporn, Esq.
Schoengold & Sporn, P.C.
World Wide Plaza
393 West 49th Street, Suite 5HH
New York, NY 10019
Telephone: (212) 964-0046
Facsimile: (212) 267-8137

As to Citibank:

Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
jstrickland@stroock.com
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5806
Facsimile: (310) 556-5959

The notice recipients and addresses designated above may be changed by written notice.

Upon the request of any of the Parties, the Parties agree to promptly provide each other with

copies of objections, requests for exclusion, or other filings received as a result of the Notice

Program.

## XVIII. MISCELLANEOUS PROVISIONS

18.1     <u>Gender and Plurals</u>:  As used in this Agreement, the masculine, feminine, or

neuter gender, and the singular or plural number, shall each be deemed to include the others

whenever the context so indicates.

18.2     <u>Binding Effect</u>:  This Agreement shall be binding upon, and inure to the benefit

of, the successors and assigns of the Releasing Parties and the Released Parties.

18.3     <u>Cooperation of Parties</u>:  The Parties to this Agreement agree to cooperate in good

faith to prepare and execute all documents, to seek Court approval, defend Court approval and to

do all things reasonably necessary to complete and effectuate the Settlement described in this

Agreement.

18.4     <u>Integration</u>:  This Agreement constitutes a single, integrated written contract

- 29 -

expressing the entire agreement of the Parties relative to the subject matter herein.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party hereto, except as provided for herein.

      18.5   <u>No Conflict Intended</u>:  Any inconsistency between the headings used in this Agreement and the text of the Sections of this Agreement shall be resolved in favor of the text.

      18.6   <u>Counterparts</u>:  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or scanned electronically and sent via electronic mail shall be deemed an original.

      18.7   <u>Modification and Amendment</u>:  This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

      18.8   <u>No Waiver</u>:  The waiver by any party of any breach of this Agreement by another party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

      18.9   <u>Authority</u>:  Plaintiffs and Citibank represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of this Agreement to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

      18.10   <u>Agreement Mutually Prepared</u>:  Neither Citibank nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any

- 30 -

statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

18.11   <u>No Assignment</u>:  No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

18.12   <u>Receipt of Advice of Counsel</u>:  Each Party acknowledges, agrees and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**(Signatures on the following page.)**

- 31 -

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates set forth below:

**PLAINTIFFS**

_Bertram E. Hirsch_                         Dated: JULY 29, 2016
Bertram E. Hirsch

_____            Dated: _____
Igor Romanov

**CITIBANK, N.A.**

By: _____                Dated: _____

Its: _____

**APPROVED AS TO FORM AND SUBSTANCE:**

**SETTLEMENT CLASS COUNSEL**

_____            Dated: _____
The Law Office of James C. Kelly
By: James C. Kelly

_____            Dated: _____
Schoengold & Sporn, P.C.
By: Samuel P. Sporn

**APPROVED AS TO FORM:**

**CITIBANK'S COUNSEL**

_____            Dated: _____
Stroock & Stroock & Lavan LLP
By: Julia B. Strickland

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates set forth below:

**PLAINTIFFS**

Bertram E. Hirsch

Dated: _____

Igor Romanov

Dated: 0fo(16

**CITIBANK, N.A.**

By: _____

Dated: _____

Its: _____

**APPROVED AS TO FORM AND SUBSTANCE:**

**SETTLEMENT CLASS COUNSEL**

_____
The Law Office of James C. Kelly
By:  James C. Kelly

Dated: _____

_____
Schoengold & Sporn, P.C.
By:  Samuel P. Sporn

Dated: _____

**APPROVED AS TO FORM:**

**CITIBANK'S COUNSEL**

_____
Stroock & Stroock & Lavan LLP
By:  Julia B. Strickland

Dated: _____

- 32 -

NY 76041977



IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates set forth below:

**PLAINTIFFS**

_____     Dated: _____
Bertram E. Hirsch

_____     Dated: _____
Igor Romanov

**CITIBANK, N.A.**

By: _____     Dated: 7/19/2016

Its: DIRECTUR & COUNSEL

**APPROVED AS TO FORM AND SUBSTANCE:**

**SETTLEMENT CLASS COUNSEL**

_____     Dated: _____
The Law Office of James C. Kelly
By:  James C. Kelly

_____     Dated: _____
Schoengold & Sporn, P.C.
By:  Samuel P. Sporn

**APPROVED AS TO FORM:**

**CITIBANK'S COUNSEL**

_____     Dated: _____
Stroock & Stroock & Lavan LLP
By:  Julia B. Strickland

NY 76041977

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates set forth below:

**PLAINTIFFS**

_____     Dated: _____
Bertram E. Hirsch

_____     Dated: _____
Igor Romanov

**CITIBANK, N.A.**

By: _____     Dated: _____

Its: _____

**APPROVED AS TO FORM AND SUBSTANCE:**

**SETTLEMENT CLASS COUNSEL**

_____     Dated: 8/1/16
The Law Office of James C. Kelly
By: James C. Kelly

_____     Dated: 6/1/16
Schoengold & Sporn P.C.
By: Samuel P. Sporn

**APPROVED AS TO FORM:**

**CITIBANK'S COUNSEL**

_____     Dated: _____
Stroock & Stroock & Lavan LLP
By: Julia B. Strickland

- 32 -

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates set forth below:

**PLAINTIFFS**

_____          Dated: _____
Bertram E. Hirsch

_____          Dated: _____
Igor Romanov


**CITIBANK, N.A.**

By: _____          Dated: _____

Its: _____


**APPROVED AS TO FORM AND SUBSTANCE:**


**SETTLEMENT CLASS COUNSEL**


_____          Dated: _____
The Law Office of James C. Kelly
By:  James C. Kelly

_____          Dated: _____
Schoengold & Sporn, P.C.
By:  Samuel P. Sporn


**APPROVED AS TO FORM:**


**CITIBANK'S COUNSEL**

_____          Dated: July 8, 2016
Stroock & Stroock & Lavan LLP
By:  Julia B. Strickland

NY 76041977

**EXHIBIT 1**

**POSTCARD NOTICE**

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.
YOU MAY RECEIVE MONEY FROM A SETTLEMENT.

**What is this?** This is notice of a Proposed Settlement in a class action lawsuit. This notice explains your legal rights.

**What is this lawsuit about?** The Settlement would resolve the lawsuit Bertram Hirsch and Igor Romanov v. Citibank, N.A., U.S.D.C. Southern District of New York, Case No. 12-civ-1124-DAB. The lawsuit alleges that Citibank did not adequately disclose to customers that it would report the taxable value of promotional American Airlines miles ("AA Miles") awarded to customers as income to the Internal Revenue Service ("IRS") by issuing IRS Form 1099s ("AA Miles Form 1099"), that the AA Miles do not constitute reportable income, and that Citibank overvalued the AA Miles for reporting purposes. Citibank denies these allegations and any wrongdoing. The Court has not ruled on the merits of the claims in this lawsuit.   There were two appeals in the United States Court of Appeals for the Second Circuit, in which the court held that Plaintiffs Bertram Hirsch and Igor Romanov were not subject to Citibank's arbitration agreement.

**Why am I getting this notice?** You were identified as someone who received an AA Miles Form 1099 from Citibank between January 1, 2009 and _____ 2016.

**What does the Settlement provide?** Citibank has agreed to pay a maximum of $1,750,000 to pay monetary settlement awards to Settlement Class Members. Settlement Class Members who submit valid claims will receive a settlement award of up to 70% of the amount of income attributable to the receipt of AA miles that Citibank reported on the Settlement Class Member's AA Miles Form 1099 multiplied by the Settlement Class Member's federal tax rate.  For example, if a Settlement Class Member's federal tax rate was 35% and the amount of income attributable to receipt of AA Miles on his/her AA Miles Form 1099 was $1,000, his/her Settlement Award would be up to $245.  The exact amount of a Settlement Class Member's settlement award will depend on whether the Settlement Class Member affirms that he/she reported and paid taxes on the income attributable to the receipt of AA Miles set forth in the AA Miles Form 1099, the Settlement Class Member's applicable federal tax rate, and the amount of claims submitted.

Settlement Class Counsel and/or Plaintiffs claim that they purportedly provided approximately $10,000,000 in value to the Settlement Class based upon changes which Plaintiffs contend were made by Citibank to its customer deposit account agreement, deposit signature card and valuation of the AA miles in connection with deposit account promotions.  Citibank does not take a position on these representations.  Citibank also has agreed to pay Settlement Class Counsel's attorneys' fees, costs and expenses up to $1,200,000 (subject to Court approval), and settlement administration costs. Plaintiffs will seek service awards not to exceed $25,000 for Plaintiff Bertram Hirsch and $12,500 for Plaintiff Igor Romanov (subject to Court approval), to be paid by Citibank. Citibank has reserved the right to object to the amount of the service awards.  The payment to Settlement Class Counsel and Plaintiffs would compensate them for investigating the facts, litigating the case (including two appeals before the Second Circuit Court of Appeals, depositions and a bench trial), conducting discovery and negotiating the Settlement.

**How do I receive a payment?** To receive a settlement award, you must complete and submit a valid and timely Claim Form by [INSERT DATE]. The Claim Form is available online at the Settlement Website located at www.HirschAirlineMilesSettlement.com. You can also obtain a Claim Form by calling the Settlement Administrator at 1-800-***-****. You can submit your Claim Form either by mail by sending it to the Settlement Administrator at the address below or online at www.HirschAirlineMilesSettlement.com.

**Your other options.**  If you do not want monetary compensation from this Settlement and you want to keep the right to sue or continue to sue Citibank on your own regarding these claims, then you must exclude yourself from the Settlement by sending a letter requesting exclusion to the Settlement Administrator by [INSERT DATE]. If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court, and mail it to Settlement Class Counsel and Citibank's counsel, by [INSERT DATE].  Further details on how to exclude yourself or object, including the specific information you must provide, are available at www.HirschAirlineMilesSettlement.com. If you do nothing, you will not be eligible for a settlement award.  You will still be a Settlement Class Member and bound by the Settlement, and you will release Citibank (and its agents and affiliates) from any and all liability related to the issues in this lawsuit.

**When is the Final Approval Hearing?** The Court will hold a hearing to consider whether to finally approve the Settlement as fair, adequate and reasonable and to consider Plaintiffs' applications for attorney's fees and costs and service awards on _____, at _____, United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, Courtroom 24B, New York, NY 10007.

**Do I have a lawyer?**  The Court has appointed James C. Kelly, Esq. of the Law Office of James C. Kelly, and Samuel P. Sporn, Esq. of Schoengold & Sporn, P.C., to represent you and the other Settlement Class Members.

**How do I get more information about the Settlement?** This notice contains limited information about the Settlement. For more information, visit www.HirschAirlineMilesSettlement.com. You can also obtain additional information, a long-form notice or Claim Form by calling 1-800-***-****.

## EXHIBIT 2

## LONG-FORM NOTICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

## BERTRAM HIRSCH AND IGOR ROMANOV V. CITIBANK, N.A., CASE NO. 12-CIV-1124-DAB.

**If you received an IRS Form 1099 from Citibank reporting to the IRS that you received income attributable to the receipt of promotional American Airlines miles between January 1, 2009 through _____, 2016, you may be entitled to payment from a class action settlement.**

Submit a claim at [click here] by [INSERT DATE]

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **In this case, Plaintiffs allege that between January 1, 2009 and _____, 2016, Citibank did not adequately disclose to customers that it would report the taxable value of promotional American Airlines miles ("AA miles") awarded to customers as income to the Internal Revenue Service ("IRS") by issuing IRS Form 1099s ("AA Miles Form 1099"), that the AA miles do not constitute reportable income, and that Citibank overvalued the AA miles for reporting purposes. The two sides disagree on whether Plaintiffs and the Settlement Class would prevail at trial. By agreeing to settle, Citibank has not conceded the truth or validity of any of the claims against it.**

- **As a result of the settlement, you may be eligible for a payment. Your payment will be up to 70% of the amount of income attributable to the receipt of AA miles that Citibank reported on the Settlement Class Member's AA Miles Form 1099 multiplied by the Settlement Class Member's federal tax rate. Based on this calculation, some Settlement Class Members may receive a payment of up to $245. The amount of the payment may be higher or lower depending on whether you affirm that you reported and paid taxes on the income attributable to the receipt of AA Miles set forth in the AA Miles Form 1099, your applicable federal tax rate, and the amount of claims submitted.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act, or do not act. Please read this Notice carefully.**

NY 75957233

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid claim form by **[INSERT DATE]**, you will receive a payment and will give up certain rights to sue Citibank. |
| EXCLUDE YOURSELF FROM THE CASE | This is the only option that allows you to sue Citibank on your own regarding the claims in this case, but you will not receive a payment from the Settlement. The deadline for excluding yourself is **[INSERT DATE]**. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you do not like the Settlement. The deadline for objecting is **[INSERT DATE]**. |
| DO NOTHING | If you do nothing, you will receive no money from the Settlement, but you will still give up certain rights to sue Citibank. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

# BASIC INFORMATION

## 1.  Why is there a Notice?

A Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement and your legal rights.

The United States District Court for the Southern District of New York is overseeing this case, and the Honorable Deborah A. Batts is the judge responsible for this case. The case is known as Bertram Hirsch and Igor Romanov v. Citibank, N.A., Case No. 12-civ-1124-DAB. The people who sued are called the "Plaintiffs." The defendant is Citibank, N.A. ("Citibank").

## 2.  What is this lawsuit about?

Plaintiffs, for themselves and on behalf of an alleged class, allege that Citibank did not adequately disclose to customers that Citibank would report the taxable value of the AA miles awarded to customers as income to the IRS by issuing AA Miles Form 1099s, that the AA miles do not constitute reportable income, and that Citibank overvalued the AA miles for reporting purposes. The complaint in this lawsuit is posted on the Settlement Website, at [click here], and contains all of the allegations and claims asserted against Citibank. Citibank denies these allegations; however, in order to avoid the expense, inconvenience and distraction of continued

2

litigation, Citibank has agreed to the Settlement described herein.  There were two appeals in the United States Court of Appeals for the Second Circuit, in which the court held that Plaintiffs Bertram Hirsch and Igor Romanov were not subject to Citibank's arbitration agreement.

**3.  Why is this a class action?**

In a class action, one or more people called Class Representatives (here, Bertram A. Hirsch and Igor Romanov) sue on behalf of people who allegedly have similar claims. This group is called a Class and the persons included are called Class Members. One court resolves the issues for all of the Class Members, except for those who exclude themselves from the Class. Here, the Court has certified a class action for settlement purposes only.

**4.  Why is there a Settlement?**

The Court has not decided in favor of either Plaintiffs or Citibank. Instead, both sides agreed to the Settlement to avoid the risk and cost of further litigation and a trial. The Class Representatives and their attorneys think the Settlement is in the best interests of all Class Members.

# Who Is In The Settlement Class?

**5.  How do I know if I am a part of the Settlement Class?**

If you received notice of the Settlement from a postcard addressed to you, then you likely are a Settlement Class Member.

The Court has certified the case as a class action for settlement purposes only. The "Settlement Class" is defined as:

> All persons or entities in the United States who received an IRS Form 1099 from Citibank as a result of opening a Citibank deposit account and receiving American Airline miles through Citibank promotions in which Citibank valued the American Airline miles at 2.5 cents per mile, during the period between January 1, 2009 and _____, 2016.

"Settlement Class Member" is defined as any person in the Settlement Class who does not opt out of the Settlement. If you are still not sure whether you are included, you can visit www.HirschAirlineMilesSettlement.com, you may write the Settlement Administrator at _____ or you may call 1-800-***-**** (toll-free) for more information.

# THE LAWYERS REPRESENTING YOU

**6.  Do I have lawyers in this case?**

The Court has appointed James C. Kelly, Esq. of the Law Office of James C. Kelly, and Samuel P. Sporn, Esq. of Schoengold & Sporn, P.C., to represent you and the other Settlement Class Members. These lawyers are called Settlement Class Counsel. You will not be personally charged by these lawyers. You may enter an appearance through an attorney hired at your own expense if you so desire, but you do not have to do so.

3

**7.  How will Settlement Class Counsel be paid?**

On or before _____, 2016, Settlement Class Counsel will file an application with the Court requesting that the Court approve payment to them by Citibank of up to $1,200,000 for their attorneys' fees, costs and expenses. The payment to Settlement Class Counsel and Plaintiffs would compensate them for investigating the facts, litigating the case (including two appeals before the Second Circuit Court of Appeals, depositions and a bench trial), conducting discovery and negotiating the Settlement. Settlement Class Counsel and/or Plaintiffs may advise the Court that they believe they purportedly provided approximately $10,000,000 in value to the Settlement Class based upon changes which Plaintiffs contend were made by Citibank to its customer deposit account agreement, deposit account signature card and valuation of the AA miles in connection with deposit account promotions.  Citibank does not take a position on these representations.  Although Citibank has agreed not to oppose attorneys' fees, costs and expenses of up to $1,200,000, the Court may award less than the amounts requested.  Settlement Class Counsel also will ask the Court to approve payment of service awards in the amount of $25,000 to Bertram A. Hirsch and $12,500 to Igor Romanov for their time, expense and effort they have personally invested in this Action. The Court may award less than the amounts requested for service awards. Citibank has reserved the right to object to the amounts of the service awards.

# The Settlement Benefits

**8.  What does the Settlement provide?**

Citibank has agreed to pay: (1) the maximum sum of $1,750,000 to satisfy settlement awards paid on a claims-made basis to Settlement Class Members who submit valid and timely claims; (2) an award of attorneys' fees, costs and expenses to Settlement Class Counsel not to exceed $1,200,000, to be approved by the Court; (3) service awards to the Class Representatives in an amount to be approved by the Court; and (4) the reasonable costs of notice and administration of the Settlement.

**9.  How much will my payment be?**

Settlement Class Members who submit valid and timely claims will receive a settlement award. However, the exact amount of the settlement award will depend on each Settlement Class Member's unique circumstances and the amount of claims submitted. Settlement Class Members who affirm that they reported and paid taxes on the income attributable to the receipt of the AA miles set forth in his or her AA Miles Form 1099 will be eligible to receive a settlement award calculated by multiplying up to 70% of the reported income by the Settlement Class Member's applicable federal tax rate, subject to adjustment based on the amount of claims submitted.  For example, if a Settlement Class Member's federal tax rate was 35% and the amount of income attributable to receipt of AA Miles on his/her AA Miles Form 1099 was $1,000, his/her Settlement Award would be up to $245.  Settlement Class Members who do not affirm that they reported and paid taxes on the income attributable to the receipt of the AA miles will be eligible to receive a settlement award of up to $40.  If the amount of settlement awards would exceed the sum of $1,750,000, the settlement awards will be reduced on a pro rata basis.

4

**10.  What am I giving up to stay in the Class?**

If you do not exclude yourself from the Settlement Class, you may make a claim for a settlement award, but you cannot sue, continue to sue or be part of any other lawsuit against Citibank about the issues in this case. It also means that all of the decisions by the Court will bind you. The "Released Claims" included in the Settlement Agreement describe the precise legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available on the Settlement Website, at [click here].

# How To Apply For A Payment

**11.  How can I get a payment?**

To qualify for a settlement award, you must submit a valid and timely claim form. You may get a claim form on the Settlement Website, at [click here], or by calling the toll-free settlement telephone number, at _____. **Read the instructions carefully, fill out the form, sign it and submit it**. To be valid, the claim form must be completed fully and accurately, signed and timely submitted. A claim form may be submitted by mail to the Settlement Administrator at: _____, or online via the Settlement Website, at [click here].

If you are submitting your claim online via the Settlement Website, it must be submitted no later than **[INSERT DATE]**. If you are mailing your claim form to the Settlement Administrator, it must be postmarked by that date.

**12.  When would I get a payment?**

The Court will hold a hearing on **[INSERT DATE]** to decide whether to finally approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the Settlement through information posted at www.HirschAirlineMilesSettlement.com. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the Settlement?**

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Citibank on your own about the issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class. If you exclude yourself, you are no longer a Settlement Class Member.

To exclude yourself from the Settlement, you must send a letter by mail that (a) is signed by you; (b) includes your full name, address and phone number; and (c) includes the following statement: "I/we request to be excluded from the settlement in the <u>Hirsch</u>

5

action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class.

**You must mail your exclusion request postmarked no later than [INSERT DATE] to the following address**:

>Settlement Administrator
>PO Box x
>XXXX, XX XXXXX

**14.  If I do not exclude myself, can I sue Citibank for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Citibank for the claims the Settlement resolves. You must exclude yourself from the Settlement Class in order to try to pursue your own lawsuit against Citibank.

**15.  If I exclude myself, can I get money from this Settlement?**

No. If you ask to be excluded, you will not get any settlement award, and you cannot object to the Settlement.

# OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not agree with the Settlement?**

If you are in the Settlement Class and do not exclude yourself, you can object to any part of the Settlement, the Settlement as a whole, Settlement Class Counsel's request for attorneys' fees, costs and expenses and/or Settlement Class Counsel's request for service awards for Plaintiffs. To object, you must submit a letter that includes the following:

- The name of this case, which is Bertram Hirsch and Igor Romanov v. Citibank, N.A., Case No. 12-civ-1124-DAB;

- Your full name, address and telephone number;

- An explanation of the basis upon which you claim to be a Settlement Class Member;

- All grounds for the objection, accompanied by any legal support for the objection known to you or your counsel and any documents supporting the objection;

- The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement;

- A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing (discussed below), and listing any counsel who will appear

at the Final Approval Hearing on your behalf and any witnesses you intent to call to testify at the Final Approval Hearing; and

- Your signature (an attorney's signature is not sufficient).

You must submit your objection to the Court and it must be filed no later than _____, 2016:

Clerk of the Court
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

You must also send your objection by mail, hand or overnight delivery service to the following addresses postmarked no later than _____, 2016:

<table>
<tr><td>James C. Kelly, Esq.</td><td>Julia B. Strickland, Esq.</td></tr>
<tr><td>The Law Office of James C. Kelly</td><td>Stroock & Stroock & Lavan LLP</td></tr>
<tr><td>244 5th Ave., Suite K-278</td><td>2029 Century Park East</td></tr>
<tr><td>New York, NY 10001</td><td>Los Angeles, CA 90067-3086</td></tr>
</table>

Samuel P. Sporn, Esq.
Schoengold & Sporn, P.C.
World Wide Plaza
393 West 49th Street, Suite 5HH
New York, NY 10019

If you do not submit a timely or complete objection, you waive all objections to the Settlement and will not be permitted to object to the Settlement at the Final Approval Hearing or otherwise. Only Settlement Class Members may object to the Settlement.

## 17.  What is the difference between objecting and excluding?

You object to the Settlement when you wish to remain a Settlement Class Member and be subject to the Settlement, but disagree with some aspect of the Settlement. An objection allows your views to be heard in Court.

In contrast, excluding yourself from the Settlement Class means that you are no longer a Settlement Class Member and do not want to be subject to the terms and conditions of the Settlement. Once excluded, you lose any right to receive any settlement payment and to object to any aspect of the Settlement because the case no longer affects you.

# If You Do Nothing

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any payment from the Settlement. You will be giving up rights to be part of any other lawsuit or make any other claim against Citibank for the claims released by the Settlement. The "Released Claims" included in the Settlement Agreement describe the precise claims that you give up if you remain in the Settlement. A copy of the Settlement Agreement is available on the Settlement Website, at [click here].

# The Court's Final Approval Hearing

**19.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at *** _.m. on **[INSERT DATE]**, at the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, Courtroom 24B, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider any request by Settlement Class Counsel for attorneys' fees, costs and expenses and service awards for the Class Representatives. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will hear from those objectors who have asked to speak at the hearing.

**20.  Do I have to come to the hearing?**

No. You are not required to attend the Final Approval Hearing. Settlement Class Counsel will answer any questions the Court may have. If you or your personal attorney want to attend the Final Approval Hearing, you are more than welcome to do so at your expense. If you submit a written objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, to the proper address and it complies with the requirements in Question 16 above, the Court will consider it.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also send a letter with your full name, address, telephone number, and signature, which states that it is your "Notice of Intention to Appear at the Final Approval Hearing for the settlement in <u>Bertram Hirsch and Igor Romanov v. Citibank, N.A.</u>," and sets forth the reasons you want to be heard and the name of any attorneys who will be appearing on your behalf. Be sure to also include copies of any papers, exhibits or other evidence or information that you plan to present to the Court at the Final Approval Hearing. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to all addresses in Question 16. You cannot speak at the hearing if you excluded yourself from the Settlement.

# GETTING MORE INFORMATION

| 22.  Is this the entire Settlement? |
| --- |

This Notice is only a summary of the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by visiting the Settlement Website at [click here], or you can write to the address below or call 1-800-***-**** toll free for more information.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT.  DO NOT CONTACT CITIBANK OR ITS COUNSEL ABOUT THE SETTLEMENT.  TELEPHONE REPRESENTATIVES OF CITIBANK ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

NY 75957233

**EXHIBIT 3**

**CLAIM FORM**

## CLAIM FORM

**(For instructions on filling out this form, see the next page).**

LAST NAME (Claimant)                    FIRST NAME (Claimant)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Current Address

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Current City                              State        Zip Code

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Email Address

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

### AFFIRMATIONS

1 ☐ I have read and am familiar with the contents of the Instructions accompanying this Claim Form.

2 ☐ I certify that I reported to the IRS the income attributable to the receipt of promotional AA miles set forth in the IRS Form 1099 that I received from Citibank.

3 ☐ I certify that I paid taxes on the income attributable to the receipt of promotional AA miles set forth in the IRS Form 1099 that I received from Citibank, and that my federal tax rate at the time of such payment was:

   ☐ 10%
   ☐ 15%
   ☐ 25%
   ☐ 28%
   ☐ 33%
   ☐ 35%
   ☐ Unknown

| | | |
|---|---|---|
| Signature | Type/Print Name | Date |

Reminder Checklist:

1. Please sign the Claim Form above.
2. Keep a copy of your Claim Form for your records.
3. If you want an acknowledgement of receipt of your Claim Form, please complete the Claim Form online or mail this Claim Form via Certified Mail, Return Receipt Requested.
4. If you move or your name changes, please send your new address, new name or contact information to the Settlement Administrator, via the settlement website at [website], or by mail to: [address].

**REMINDER:  The deadline for submitting your claim is _____, 2016.**

## INSTRUCTIONS AND REQUIREMENTS FOR CLAIM FORM

In order to receive a settlement award, you must submit the attached Claim Form either electronically on the settlement website at [website] or in paper by mail, by not later than _____, 2016. This Claim Form is provided as part of the settlement in <u>Bertram Hirsch and Igor Romanov v. Citibank, N.A.</u>, United States District Court for the Southern District of New York, Case No. 12-civ-1124-DAB.

Instructions for completing the Affirmations section of the attached Claim Form:

1. You must check Box 1 in order to be eligible to receive a settlement award.

2. If you do not check Box 2 and Box 3, then you are eligible for a settlement award of $40.

3. If you check Box 2 and Box 3 and select your federal tax rate from the options provided, you are eligible for a settlement award calculated by multiplying 70% of the amount of the income attributable to the receipt of AA miles reported on your IRS Form 1099 by your federal tax rate. <u>Note</u>: if you do not select a federal tax rate from the options provided or select "unknown," your settlement award will be calculated using the rate of 12.5%.

In addition, your claim will be considered only if it complies with all of the following conditions:

1. You must accurately complete all portions of the attached Claim Form.

2. You must **<u>sign</u>** the Claim Form, which includes the Affirmations. If you submit a Claim Form electronically, your electronic signature and submission of the form shall have the same force and effect as if you signed the form in hard copy.

3. You have two options to submit the Claim Form:

    a. You may complete and submit the Claim Form online by _____**, 2016**, using the settlement website located at [website]. Upon completion of the online Claim Form, you will receive an acknowledgment that your claim has been submitted.  If you file a Claim Form electronically, your electronic signature and submission of the form shall conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. § 7001, et seq. and have the same force and effect as if you signed the form in hard copy; OR

    b. You may mail a hard copy of the completed and **<u>signed</u>** Claim Form by U.S. Mail, postage prepaid, postmarked no later than _____**, 2016**, to:

    [Name]<br>
    [Address]<br>
    [City, State Zip]

4. Your failure to complete and submit the Claim Form online or postmarked by _____**, 2016**, will preclude you from receiving any payment in the Settlement.  So that you will have a record of the date of your mailing of the Claim Form and its receipt by the Settlement Administrator, you are advised to use (but are not required to use) certified mail, return receipt requested.

Submission of the Claim Form does not assure that you will receive a settlement award. If the Settlement Administrator determines that the Claim Form does not comply with the conditions above, you will have the right to present information to cure the defect. For more information on this process, see Section 3.4 of the Settlement Agreement, which is available at www.HirschAirlineMilesSettlement.com.  If you have any questions regarding the Claim Form, please write to [Name], [Address], [City, State Zip], or call the toll-free number, 1-800-___-____.

**Please do not contact the Court, Citibank or Citibank's Counsel. Citibank representatives are not authorized to change the terms of the Settlement or the Claim Form.**

**EXHIBIT 4**

**PRELIMINARY APPROVAL ORDER**

NY 76041977

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                                             :
BERTRAM HIRSCH and IGOR ROMANOV, on                          :
behalf of themselves and all others similarly situated,      :
                                                             :
                        Plaintiffs,                          :
                                                             :        Case No. 12 Civ. 1124 (DAB)
            vs.                                              :
                                                             :
CITIBANK, N.A.,                                              :
                                                             :
                        Defendant.                           :
------------------------------------------------------------ X

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS:

A.      A putative class action is pending in this Court entitled <u>Bertram Hirsch and Igor</u>

<u>Romanov v. Citibank, N.A.</u>, U.S.D.C. Southern District of New York, Case No. 12-civ-1124-

DAB (the "Action");

B.      Plaintiffs Bertram Hirsch and Igor Romanov ("Plaintiffs"), on behalf of the

Settlement Class, and Citibank, N.A. ("Citibank") (Plaintiffs and Citibank collectively, the

"Parties"), by and through their respective counsel, have entered into a settlement (the

"Settlement") of the claims asserted against Citibank in the Action, on the terms and conditions

set forth in the Settlement Agreement and Release, dated as of _____ __, 2016 (the

"Agreement");

C.      Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an

Order:  (1) granting preliminary approval of the Settlement; (2) provisionally certifying the

Settlement Class for settlement purposes only; (3) appointing Settlement Class Counsel and

Plaintiffs to represent the Settlement Class; (4) approving the Parties' proposed Notice Program

and forms of Notice substantially similar to those forms attached to the Agreement, and directing

that Notice be disseminated to the Settlement Class pursuant to the Notice Program provided in the Agreement; (5) approving the Parties' proposed Claim Form, and approving the procedures set forth in the Agreement for persons in the Settlement Class to submit claims, exclude themselves from the Settlement Class, and object to the Settlement; (6) appointing a Settlement Administrator to conduct the duties assigned to that position in the Agreement; (7) staying this Action pending Final Approval of the Settlement; and (8) setting a hearing (the "Final Approval Hearing"), at which the Court will consider:  (a) whether to grant final approval of the Settlement; (b) Settlement Class Counsel's application for attorneys' fees, costs and expenses; and (c) Plaintiffs' application for service awards;

D.      The Court has read and considered the motion papers and the Agreement and all exhibits thereto, including the proposed forms of Notice to the Settlement Class and the proposed Claim Form, and has found that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Settlement Terms.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      Jurisdiction.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.      Scope of Settlement.  The Agreement resolves all claims alleged in the Class Action Complaint filed on February 14, 2012.  See Dkt. 1.

4.      Preliminary Approval of Proposed Settlement.  The Court has conducted an evaluation of the Settlement as set forth in the Agreement.  Based on this evaluation, the Court finds that:  (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between

experienced attorneys familiar with the legal and factual issues of this Action; and (c) with respect to the forms of Notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exhibits 1 and 2 to the Agreement), that Notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

5.      Class Certification for Settlement Purposes Only.  The Court, pursuant to Federal Rule of Civil Procedure 23(b)(3), conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons or entities in the United States who received an IRS Form 1099 from Citibank as a result of opening a Citibank deposit account and receiving American Airline miles through Citibank promotions in which Citibank valued the American Airline miles at 2.5 cents per mile, during the period between January 1, 2009 and [the date of entry of the Preliminary Approval Order].

6.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

7.      In connection with this conditional certification, the Court makes the following preliminary findings:

(a)      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)      There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)      Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)      Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)     For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

8.     <u>Settlement Class Counsel</u>.  The Court appoints James C. Kelly of The Law Office of James C. Kelly, 244 5th Ave., Suite K-278, New York, NY 10001, (212) 920-5042, jkelly@jckellylaw.com; and Samuel P. Sporn of Schoengold & Sporn, P.C., World Wide Plaza, 393 West 49th Street, Suite 5HH, New York, NY 10019, (212) 964-0046, sporn@spornlaw.com, as Settlement Class Counsel.

9.     <u>Class Representatives</u>.  The Court appoints Plaintiffs Bertram E. Hirsch and Igor Romanov as class representatives for the Settlement Class.

10.     <u>Settlement Administrator</u>.  Rust Consulting is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11.     <u>Class Notice</u>.  The Court approves the Notice Program set forth in the Agreement. The Court approves the form and content of the proposed forms of Notice, in the forms attached to the Agreement as Exhibits 1 and 2.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due

Process Clause of the United States Constitution, and is the only notice to the Settlement Class of the Settlement that is required.

12.     Within fifteen (15) business days following the entry of this Order, Citibank shall provide to the Settlement Administrator a list ("Settlement Class List") that identifies the names and last known addresses of the persons in the Settlement Class as reflected in Citibank's reasonably available computerized account records.

13.     Within forty-five (45) days following the entry of this Order, the Settlement Administrator shall update the addresses through the National Change of Address Database, and shall mail the Postcard Notice to each person listed in the Class List (the "Notice Deadline").  To the extent a Postcard Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Postcard Notice to the new address indicated and update the Settlement Class List accordingly.  Within seven (7) days after the date the Settlement Administrator completes the Postcard Notice (not including any re-mailing of the Postcard Notice pursuant to this paragraph), the Settlement Administrator shall provide confirmation in writing to Settlement Class Counsel and Citibank's Counsel and the Postcard Notice was completed in a timely manner.

14.     By no later than the first date that the Postcard Notice is mailed, the Settlement Administrator shall establish and maintain:  (a) a Settlement Website, at the address www.HirschAirlineMilesSettlement.com, where persons in the Settlement Class may submit a Claim Form online, print a paper Claim Form and access, via hyperlinks, copies of the Long-Form Notice, Postcard Notice, the Agreement, the Preliminary Approval Motion, this Order, the Final Approval Motion (when available), the operative Complaint and Citibank's Answer thereto and such other documents as Settlement Class Counsel and Citibank's Counsel agree to post or

that the Court subsequently orders posted on the Settlement Website; and (b) an automated toll-free telephone line, which persons in the Settlement Class may call with Settlement-related inquiries and to request Claim Forms.

15.     <u>Claim Form</u>.  The Court approves the form and content of the proposed Claim Form, in the form attached to the Agreement as Exhibit 3.

16.     <u>Claim Deadline</u>.  Settlement Class Members who wish to submit a claim shall have the option of submitting Claim Forms online via the Settlement Website or by mail.  Claim Forms submitted online must be submitted by no later than ninety (90) days after the Notice Deadline, and Claim Forms submitted by mail must be postmarked by no later than ninety (90) days after the Notice Deadline (the "Claim Deadline").

17.     <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so no later than forty-five (45) days after the Notice Deadline (the "Opt-Out and Objection Deadline").  Persons in the Settlement Class may not both object to and opt out of the Settlement.  If a person both requests to opt out and objects, the request to opt out will control.

18.     <u>Exclusion from the Settlement Class</u>.  Any person in the Settlement Class who seeks to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator, and must include:  (a) their full name, address and phone number; (b) a statement that they "request to be excluded from the settlement in the <u>Hirsch</u> action"; and (c) their signature.  Any person falling within the Settlement Class definition who does not send a timely and valid request for exclusion shall be a Settlement Class Member and shall be bound by any Final Judgment in this Action.  At or before the Final Approval Hearing, the Settlement

Administrator shall file with the Court a declaration setting forth a complete list of all persons who submitted timely and valid requests for exclusion from the Settlement Class.

19.     <u>Objections to the Settlement</u>.  Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement Class may object to, or comment on, the Settlement, Settlement Class Counsel's application for attorneys' fees, costs and expenses ("Fee Application"), or any request for service awards to Plaintiffs.  The Court will only consider objections that are timely and valid.  To be considered, an objection must be in writing, must be filed with the Court and mailed to Settlement Class Counsel and Citibank's Counsel, at the addresses indicated in the Long-Form Notice, no later than the Opt-Out and Objection Deadline. The objection must include:  (a) the name of this case; (b) the objector's full name, address and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel and any documents supporting the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and listing any counsel who will appear at the Final Approval Hearing on the objector's behalf and any witnesses the objector will call to testify at the Final Approval Hearing; and (g) the objector's own signature.

20.     Any Settlement Class Member who fails to comply with Paragraph 19 shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Final Approval Order, or

the award of any attorneys' fees, costs and expenses to Settlement Class Counsel and/or service awards to Plaintiffs.

21.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

22.     <u>Final Approval Hearing</u>.  At _____ ___.m on _____, 2016, in Courtroom 24B of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted; (b) Final Judgment should be entered dismissing this Action with prejudice; (c) Settlement Class Counsel's Fee Application should be approved; and (d) whether any request for service awards to Plaintiffs should be approved.

23.     Plaintiffs shall file the motion in support of final approval of the Settlement by no later than forty-five (45) days prior to the Final Approval Hearing.  Settlement Class Counsel shall file their Fee Application and application for service awards to Plaintiffs by no later than thirty (30) days after the Notice Deadline.  Citibank shall file any objection to the application for service awards to Plaintiffs no later than fourteen (14) days prior to the Final Approval Hearing and Settlement Class Counsel shall file any reply to the objection no later than seven (7) days prior to the Final Approval Hearing.

24.     The Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of final approval of the Settlement or Settlement Class Counsel's

-8-

Fee Application and application for service awards to Plaintiffs, by no later than fourteen (14) days prior to the Final Approval Hearing.  An objector may file any reply in support of his or her objection by no later than seven (7) days prior to the Final Approval Hearing.

25.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement Class may ask the Court for permission to speak at the Final Approval Hearing.  To do so, a Notice of Intention to Appear must be mailed to the Clerk of the Court, Settlement Class Counsel and Citibank's Counsel at the address indicated in the Long-Form Notice, must be postmarked no later than thirty (30) days prior to the Final Approval Hearing and must include:  (a) their full name, address and telephone number; (b) a statement that it is their "Notice of Intention to Appear at the Final Approval Hearing for the settlement in Bertram Hirsch and Igor Romanov v. Citibank, N.A."); (c) the reasons they want to be heard; (d) the name of any attorneys who will be appearing on their behalf; (e) copies of any papers, exhibits or other evidence or information that they plan to present to the Court at the Final Approval Hearing; and (f) their signature.

26.     Stay of Other Proceedings.  Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed. Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Settlement Class Member, and any person purportedly acting on behalf of any Settlement, Class Member(s), is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties; provided that this injunction shall not apply to individual claims of any persons in the Settlement Class who have

timely and properly opted out of the Settlement Class as permitted by the Court. Such injunction shall remain in force until final approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s).

27.     If the Settlement is not finally approved by the Court, or the Settlement is terminated, the Parties retain all of their pre-Settlement litigation rights and defenses and the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, Citibank or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

28.     No Admission of Liability.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Citibank, or the truth of any of the claims in the Action. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any whether, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

29.    <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Postcard Notice, Long-Form Notice and Claim Form and any other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

30.    <u>Jurisdiction</u>.  The Court retains jurisdiction over the Action to consider all future matters arising out of or connected with the Settlement.

31.    <u>Schedule of Future Events</u>.  The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for Citibank to deliver the Settlement Class List to the Settlement Administrator. | **15 business days after entry of the Preliminary Approval Order** |
| Notice Deadline. | **45 days after entry of the Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file their Fee Application and application for service awards to Plaintiffs. | **30 days after the Notice Deadline** |
| Opt-Out and Objection Deadline. | **45 days after the Notice Deadline** |
| Claim Deadline. | **90 days after the Notice Deadline** |
| Last day for Plaintiffs to file motion in support of final approval of the Settlement. | **45 days prior to the Final Approval Hearing** |

| | |
|---|---|
| Last day for Objectors to file Notice of Intention to Appear | **30 days prior to Final Approval Hearing** |
| Last day for Citibank to file objection to application for service awards to Plaintiffs. | **14 days prior to Final Approval Hearing** |
| Last day for the Parties to file:  (a) any responses to any Settlement Class Member objections; and  (b) any reply papers in support of final approval of the Settlement or Settlement Class Counsel's Fee Application and application for service awards to Plaintiffs. | **14 days prior to Final Approval Hearing** |
| Last day for Settlement Class Counsel to file reply in support of application for service awards to Plaintiffs. | **7 days prior to Final Approval Hearing** |
| Last day for Objectors to file reply in support of objections to Settlement. | **7 days prior to Final Approval Hearing** |
| Final Approval Hearing. | **_____ __, 2016 at _:_.m.** |

DATED: _____

_____
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

-12-

## **EXHIBIT 5**

## **FINAL APPROVAL ORDER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- X
                              :
BERTRAM HIRSCH and IGOR ROMANOV, on   :
behalf of themselves and all others similarly situated, :
                              :
              Plaintiffs,           :
                              :        Case No. 12 Civ. 1124 (DAB)
           vs.                    :
                              :
CITIBANK, N.A.,                     :
                              :
            Defendant.        :
--------------------------------------------------------------- X

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS:

A.      This Action came for a hearing on _____, 2016 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court and the subject of this Court's Order:   (1) granting preliminary approval of the Settlement; (2) provisionally certifying the Settlement Class for settlement purposes only; (3) approving the Notice Program; and (4) setting the Final Approval Hearing (the "Preliminary Approval Order").  Due and adequate notice having been given, and upon consideration of all papers filed and proceedings had herein,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Unless otherwise defined herein, all terms in this Final Approval Order (the "Order") shall have the meanings ascribed to them in the Agreement.  The terms and definitions of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

SETTLEMENT CLASS: All persons or entities in the United States who received an IRS Form 1099 from Citibank as a result of opening a Citibank deposit account and receiving American Airline miles through Citibank promotions in which Citibank valued the American Airline miles at 2.5 cents per mile during the Class Period.

Excluded from the Settlement Class shall be those persons listed on Schedule 1 hereto. The persons listed on Schedule 1 hereto submitted timely and valid requests to be excluded from the Settlement Class, according to the Settlement Administrator's records, and are hereby excluded from the Settlement Class, are not Settlement Class Members as that term is defined and used in the Agreement and shall not be bound by this Final Approval Order or any release provided herein.

3.      The Court finds that the Settlement is the product of arm's length settlement negotiations between Plaintiffs and Citibank.

4.      The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

5.      The Court finds that the Notice Program provided for in the Settlement, and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of Notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.

6.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds that, for the purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of

-2-

the Settlement Class they seek to represent; (d) Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members of the Settlement Class; and (f) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      The Court finds that the Settlement, including the exhibits thereto, is fair, reasonable and adequate to the Settlement Class Members, is in the best interests of the Settlement Class Members, has been entered into in good faith and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The Settlement represents a fair resolution of all claims asserted on behalf of Plaintiffs and the Settlement Class Members, and fully and finally resolved all such claims.  Citibank, Plaintiffs and each Settlement Class Member shall be bound by the Settlement, including the Releases, contained therein.

8.      The Parties and Settlement Administrator are hereby directed to implement the Settlement in accordance with the terms and provisions of the Agreement, including the processing and payment of Settlement Class Members' claims.

9.      As of the Effective Date, Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

10.     As of the Effective Date, Plaintiffs and, by operation of law, each Settlement Class Member shall further be deemed to have waived and released any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or similar laws of any other state or jurisdiction.

11.     The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and each and every Settlement Class Member.

12.     The Court hereby dismisses the Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

13.     Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement, this Final Approval Order and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14.     The Agreement (including any and all exhibits attached hereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Citibank, or the truth of any of the claims in the Action.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

-4-

15.     If the Settlement is terminated, the Parties retain all of their pre-Settlement litigation rights and defenses and the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  If the Settlement is terminated, Citibank shall not be precluded from challenging class certification in further proceedings in the Action or in any other action.  No agreements made by or entered into by Citibank in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other action.

16.     Settlement Class Counsel are hereby awarded attorneys' fees in the amount of $_____ and reimbursement of costs and expenses in the amount of $_____.

17.     Plaintiff Bertram E. Hirsch is hereby awarded a Service Award in the amount of $_____.  Plaintiff Igor Romanov is hereby awarded a Service Award in the amount of $_____.

18.     Without affecting the finality of this Final Approval Order in any way, this Court shall retain exclusive jurisdiction to resolve any disputes or challenging that may arise as to the performance of the Settlement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice Program, this Final Approval Order, the Settlement, or the termination of the Settlement.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

DATED: _____          _____
                                  THE HONORABLE DEBORAH A. BATTS
                                  UNITED STATES DISTRICT JUDGE